UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
FRANCINE SCHWARTZ,

                Plaintiff,

   -against-

CITIBANK NA and
AIREVAC INTERNATIONAL,

                Defendants.
---------------------------------------------------------X

## COMPLAINT AND JURY DEMAND

Plaintiff, Francine Schwartz, by and through her attorney, Paul A. Shneyer, Esq., as and for her Complaint, alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil action against Citibank NA ("Citibank") and AirEvac International ("AirEvac") wherein Plaintiff seeks monetary damages including compensatory damages and attorney's fees.

2. This action arises out of Citibank's failure to properly investigate a billing error on Mrs. Schwartz's Citibank credit card, despite her prompt notification of such error, and as a consequence wrongfully charging Mrs. Schwartz $42,500.00 plus financing charges for costs that she never incurred.

3. AirEvac charged Mrs. Schwartz' credit card $42,500.00 for air ambulance services for her seriously ill, now deceased, husband that were never provided and has refused to return Mrs. Schwartz's money.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over claims against Citibank pursuant to the Fair Credit Billing Act, 15 U.S.C. Section 1666.

5. Supplementary jurisdiction over plaintiff's claims against AirEvac is asserted pursuant to 28 U.S.C. Section 1367 as part of the same common nucleus of operative fact as the federal claim, pursuant to 15 U.S.C. Section 1666.

6. Venue is laid within the United States District Court for the Southern District of New York in that defendant Citibank is subject to personal jurisdiction pursuant to 28 U.S.C. Section 1391 (b)(3) for doing business in New York.

## PARTIES

7. Plaintiff Francine Schwartz is a citizen of the United States and, at all times relevant hereto, resided in the County, City and State of New York.

8. Defendant Citibank is a corporation doing business in the State of New York.

9. Upon information and belief, defendant AirEvac is a corporation doing business in New York and duly organized and existing under the laws of the State of California.

## FACTUAL ALLEGATIONS

10. Mrs. Schwartz and her husband, Albert Schwartz, resided in New York and traveled often to Mexico for vacation. During one of their usual trips to Mexico, Mr. Schwartz became very ill and was hospitalized in Puerto Vallarta, Mexico on January 20th, 2016.

11.     On January 24th, 2016, while Mrs. Schwartz was in the hospital with her seriously ill husband, she was approached by a representative of AirEvac, which has an office in the hospital in Puerto Vallarta, about air ambulance transportation services.

12.     On that same evening, at 8:52 P.M., a charge of $42,500 was placed on Mrs. Schwartz's Citibank credit card.

13.     No services had been provided, and no contract had been signed by either party when the Citibank credit card charge was placed on Mrs. Schwartz's account.

14.     The agreement with AirEvac, signed by Mrs. Schwartz, is dated January 25, 2016. The agreement was never countersigned by AirEvac and Mrs. Schwartz never received a copy of a fully signed agreement, signed by both parties.

15.     On the morning of January 25th, 2016, within hours of having given her credit card to the AirEvac representative, Mrs. Schwartz informed an AirEvac representative, in person, that she was cancelling the agreement and did not require air transportation services.

16.     AirEvac had provided no services at the time the agreement was cancelled.

17.     The cancellation of the air transportation was acknowledged by letter, dated January 26, 2016, signed by Kelly LoCascio, Esq., attorney for AirEvac, addressed to Mr. and Mrs. Schwartz at their home in New York.

18.     On January 25th, 2016, Mrs. Schwartz called Citibank and advised that she was cancelling the charge. Citibank removed the charge, cancelled Mrs. Schwartz's credit card and issued her new Citibank credit card number, which was mailed to on January 26th, 2016.

19.     Mrs. Schwartz made arrangements through Allianz Global assistance, the insurance company she had previously purchased travel insurance coverage from, for the medical

3

transportation of her husband back to New York. The transport was fully covered by the insurance coverage she had already had in place.

20. On March 5th, 2016, Citibank charged $42,500.00 to Mrs. Schwartz's Citibank credit card account for services claimed by AirEvac, under the name "Medical Logistics Mana."

21. On March 29th, 2016, a written letter from attorney Paul A. Shneyer, on Mrs. Schwartz' behalf, was sent to Citibank complaining about the March 5, 2016 charge of $42,500.00. The letter provided notice of the billing error, an explanation for the error and a request that full credit be issued for the amount charged.

22. During a telephone conversation in April, 2016, representatives of Citibank advised Mrs. Schwartz's counsel, Paul A. Shneyer, Esq., that Citibank would not investigate this matter further claiming that no such investigation was required, since Mrs. Schwartz had an attorney.

23. Citibank did not remove the March 5, 2016 charge from Mrs. Schwartz's account and charged her late fees and interest.

24. Mrs. Schwartz's husband deceased on February 11, 2016, soon after his return to New York.

25. There is no basis for AirEvac charging Mrs. Schwartz for services that were never delivered or provided.

### FIRST CAUSE OF ACTION
### (Violation of Fair Credit Billing Act Against Defendant Citibank)

26. Paragraphs 1 through 25 are incorporated herein by reference.

27. As a creditor, Citibank failed to follow the proper procedures upon receipt of written notice of a billing error by a consumer, or obligor, as required under the Fair Credit Billing Act,

15 U.S.C. Section 1666.

28.    Citibank specifically violated the Fair Credit Billing Act, through its failure to properly investigate the billing error related to the $42,500.00 charge, for air ambulatory services that were never delivered.

29.    Citibank was on notice that Mrs. Schwartz had never received any services from AirEvac, as required by the Fair Credit Billing Act.

30.    Citibank had received written notice of the billing error within 60 days of the March 5, 2016 charge of $42,500.00, as required by the Fair Credit Billing Act.

31.    Citibank failed to send an acknowledgement of the written billing error notice sent on behalf of Mrs. Schwartz.

32.    Citibank violated the Fair Credit Billing Act, by failing to make a determination about whether any goods or services were actually delivered.

33.    Citibank never sent a written explanation to Mrs. Schwartz explaining why she owes the $42,500.00, as required by the Fair Billing Credit Act and improperly charged her late fees and interest.

### SECOND CAUSE OF ACTION
### (Against Defendant AirEvac)

34.    Paragraphs 1 through 33 are incorporated herein by reference.

35.    Mrs. Schwartz properly cancelled the request for AirEvac's services.

36.    AirEvac provided no services to Mrs. Schwartz and her husband.

37.    AirEvac has retained the $42,500.00 charged to Mrs. Schwartz's Citibank credit card,

despite having not provided any services.

38.     Mrs. Schwartz was damaged by AirEvac's retention of the $42,500.00, despite having not provided any services.

### THIRD CAUSE OF ACTION
### (Against Defendant AirEvac)

39.     Paragraphs 1 through 38 are incorporated herein by reference.

40.     To the extent there was an agreement, the proposed agreement was cancelled before any services were delivered.

41.     There is no basis for retention the $42,500.00 by AirEvac under the proposed agreement.

42.     Mrs. Schwartz was damaged by AirEvac's retention of the $42,500.00, despite having not provided any services.

### FOURTH CAUSE OF ACTION
### (Against Defendant AirEvac)

43.     Paragraphs 1 through 42 are incorporated herein by reference.

44.     AirEvac was unjustly enriched by receiving and retaining money that, in equity and good conscience, belongs to Mrs. Schwartz.

45.     Mrs. Schwartz was damaged by AirEvac's retention of the $42,500.00

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.      In favor of plaintiff in the amount Forty-Two Thousand Five Hundred ($42,000.00) Dollars on each of plaintiff's Causes of Action;

B.        Awarding plaintiff statutory damages under the Fair Credit Billing Act, in the amount to be determined by the trier of fact;

C.        Awarding plaintiff reasonable attorney's fees and costs under the Fair Credit Billing Act;

D.        Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:        New York, New York
                August 12, 2016

                                        PAUL A. SHNEYER, P.C.

By: *[signature]*

PAUL A. SHNEYER (PAS-0992)
Attorneys for Plaintiff
5 Columbus Circle * Suite 710
New York, New York 10019
(212) 595-7575